Opal PETERSON, Respondent,

v.

MERCANTILE BANK OF SEDALIA, Appellant/Respondent,

and

Everett Wing, Personal Representative of the Estate of Claude Wing, Deceased, Respondent/Appellant.

No. WD 44673.

Missouri Court of Appeals, Western District.

March 3, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Steven Andrew Fritz, Sedalia, for appellant/respondent.

Ernest Wayne Dierker, Sweet Springs, for respondent/appellant.

James T. Buckley, Sedalia, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

This appeal arises from a declaratory judgment action brought by Opal Peterson against Mercantile Bank of Sedalia and Everett Wing, Personal Representative of the Estate of Claude Wing, to determine entitlement to the balance of a savings account at the time of Claude Wing's death. Mercantile Bank appeals from the judgment of the trial court in favor of Opal Peterson.

The facts giving rise to the litigation herein are not in dispute and center around a savings account, originally opened on May 25, 1988, by Claude Wing, now deceased. Initially, the signature card indicated that the account was titled in the name of Claude Wing and his daughter, Patricia Becthold. The card was given to Claude Wing so that Patricia Becthold's signature could be obtained on the card. However, sometime later, Claude Wing returned to Mercantile Bank with the signature card, unsigned, and informed bank representatives that he desired to open the account in his name and the name of his live-in housekeeper, Opal Peterson. A bank representative subsequently issued a new signature card, titled "Claude Wing or Opal Peterson" which was signed by both individuals as a joint account with right of survivorship.

On September 2, 1988, Claude Wing returned to the Mercantile Bank accompanied by his brother, Everett Wing and requested a change in his account. Claude Wing requested that Everett Wing be placed on his account for the purpose of managing his money. A durable power of attorney, executed September 2, 1988, from Claude Wing to Everett Wing, was simultaneously deposited at Mercantile Bank.

A bank representative drew two lines through the signature of Opal Peterson on the signature card, after which the representative wrote "Deleted 9/2/88" following Peterson's name. On the account title portion of the signature card, the bank representative drew a line through the typed name Opal Peterson and wrote in the name of Everett Wing followed by the initials "P.R." The record indicated an apparent mistake in the use of the initials "P.R." which should have been "P.A." for power of attorney, according to the bank representative.

A new signature card and account agreement was prepared by the bank representative bearing the typewritten names of "Claude Wing or Everett Wing, Personal Resp.[sic]." Everett Wing signed his name to the new card after which he wrote the initials "P.R." The new card was not signed by Claude Wing. In the place on the card for the other joint signature was the written notation "See Legal file," a reference by the bank representative to the durable power of attorney. Subsequent to September 2, 1988, quarterly bank statements reflect the names of Claude Wing and Everett Wing and not Claude Wing and Opal Peterson as had bank statements issued prior to said date.

Claude Wing died on February 25, 1989. Everett Wing was appointed Personal Representative of Claude Wing's estate, in accordance with the provisions of Claude Wing's Last Will and Testament. Everett

Wing closed the savings account and distributed the money therein as part of the probate estate. Opal Peterson then brought suit against Mercantile Bank and Everett Wing as Personal Representative of the Estate of Claude Wing seeking a declaration that she was entitled to the balance in the account at the time of Claude Wing's death.

Following a hearing, the trial court entered judgment in favor of Opal Peterson against Mercantile Bank in the sum of $24,989.88. As the basis of its ruling, the trial court found the following:

"... on September 2, 1988, Claude Wing intended to remove Opal Peterson from the savings account at Mercantile Bank, and that Claude Wing further intended for his brother Everett Wing to manage his affairs, including the savings account at Mercantile Bank, pursuant to a Durable Power of Attorney executed by him; that pursuant to Section 362.470 Revised Statutes of Missouri, the making of the deposit and the signature card in the names of Claude Wing and Opal Peterson is conclusive evidence that the intention of the parties was to vest title to the savings account and any and all interest therein in the survivor; that under present law the proper method for Claude Wing to have removed the name of Opal Peterson from the savings account would have been to withdraw the funds from that account and open a new account;

On appeal, Mercantile Bank presents one point, challenging the foregoing ruling of the trial court. Mercantile Bank argues the trial court incorrectly ruled that for a depositor to remove a joint tenant from an account, he must withdraw the funds from the account and open a new account, because said ruling constitutes an erroneous declaration of the law. Mercantile Bank argues that a joint tenant may also be removed from a bank account by making changes pursuant to instructions given by the depositor, in the existing account agreement and account records. The single question thus presented is whether the actions of Claude Wing and Mercantile Bank, as previously discussed, were sufficient to accomplish a termination of the joint tenancy between Opal Peterson and Claude Wing. This court finds those actions sufficient, pursuant to the holding of the Missouri Supreme Court in *McGee v. St. Francois City Savings and Loan Ass'n*, 559 S.W.2d 184 (Mo. banc 1977).

In *McGee*, Walter McGee, as depositor, directed that the name of a joint tenant be removed from two savings accounts held at his banking institution. In response, a bank officer lined through the joint tenant's name on the savings certificates and dated the changes. The bank officer also lined through the name of the joint tenant on the signature cards and account cards and dated those changes. The bank officer did not cancel the old certificates and prepare new certificates, account cards and signature cards to evidence the requested change. The *McGee* court concluded that the procedures utilized by the bank officer to accomplish the requested change by Walter McGee were permissible and effectively terminated the joint accounts. The court found it unnecessary to prepare new certificates, account cards and signature cards, noting that "[m]inimizing record keeping and printing by utilizing the method employed was permissible." *McGee*, 559 S.W.2d at 188. The court continued:

Perhaps it should be observed that such a practice may lead to disputes and litigation as it has in this case and, hence, is less desirable than canceling old certificates and issuing new ones. However, that is not to say that the method used was not permissible. It should be noted that McGee did not undertake to make changes on the face of the certificates himself. He presented them to [the bank] with statements as to what he wanted to accomplish, first to create joint tenancies and later to terminate those tenancies and place the accounts in his individual name. These were things he had a right to do. He had contributed all the money. *Id.*

The actions taken by Claude Wing, as previously set forth, were sufficient to terminate the joint account. In the present case, the trial court incorrectly ruled that

under present law, the proper and presumably only method for Claude Wing to have removed the name of Opal Peterson from the savings account would have been to withdraw the funds from that account and open a new account. That holding is inconsistent with the holding of the Missouri Supreme Court in *McGee. See also, Crider v. Steinberg,* 721 S.W.2d 778 (Mo.App. 1986).

Therefore, the judgment of the trial court is hereby reversed and the cause remanded with directions to enter judgment that the estate of Claude Wing is the rightful owner of the savings account.

All concur.